IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRELLIS M. DILLON-JOHNSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-1016-O-BK** |
| | § | |
| **FEDERAL HOME LOAN MORTGAGE** | § | |
| **ASSOCIATION, *a/k/a* FANNIE MAE, *et al*.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions.  The Court now considers Defendant's *Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, For More Definite Statement*.  (Doc. 5).  For the reasons discussed below, it is recommended that the motion be GRANTED.

## I. BACKGROUND[1]

On February 29, 2012, *pro se* Plaintiff, Trellis M. Dillon-Johnson, filed suit against Defendant Federal Home Loan Mortgage Association (Fannie Mae) in state court in connection with the foreclosure of his home.  (Doc. 1-5).  On March 30, 2012, Fannie Mae removed the case to federal court, and on April 4, 2012, Fannie Mae filed a *Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, For More Definite Statement*.  (Doc. 5).  On April 27, 2012, the Court notified Plaintiff that his response was overdue and ordered Plaintiff to respond to Defendant's motion no later than May 11, 2012, if Plaintiff opposed the motion.  (Doc. 6).  The

---

[1] In deciding this Rule 12(b) (6) motion, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Lite.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoted case omitted).

Court also notified Plaintiff that if he failed to comply with the Court's order, "the undersigned [would] make a recommendation on Defendants' motion without further notice." *Id.* However, to date, Plaintiff has failed to respond.

## II. APPLICABLE LAW

Motions to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 at 1949 (citations omitted). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950.

Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When considering a motion to dismiss, the court accepts as true all well-pleaded facts, and views those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell*, 43 F.3d at 975.

The tenet that a court must accept as true all allegations contained in a complaint when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions, however. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint should not simply contain conclusory

2

allegations, but must be pled with a certain level of factual specificity; the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Iqbal*, 129 at 1949.  However, a complaint need not set forth all the facts upon which a claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 545.

### III. DISCUSSION

Fannie Mae seeks to dismiss this case, arguing that "Plaintiff's Complaint does not state any factual allegations or recognized causes of action."  (Doc. 5 at 2).  Fannie Mae contends that "[f]or the most part, Plaintiff's allegations make no rational sense and are completely unintelligible. Therefore, [Fannie Mae] has not been given adequate notice of the nature of the claims against it, nor the specific alleged conduct of [Fannie Mae] that Plaintiff challenges."  *Id.*

A review of Plaintiff's *Application and Affidavit for Temporary Restraining Order and Permanent Injunction and Application Rescission of Cause No. JE-11- 03144-K* (Application) reveals that, indeed, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's application asserts naked allegations of fraud, violation his due process rights based on his home being unlawfully foreclosed upon, and that he has no adequate remedy at law to stop the unlawful and wrongful acts.  (Doc. 1-5 at 2).  However, Plaintiff's application is wholly devoid of any factual enhancement.  Accordingly, Plaintiff's application should be dismissed because it fails to comply with Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure.[2]

---

[2] Rule 8 of the Federal Rules of Civil Procured requires a plaintiff to present "a short plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a) (2).  A pleading that states a claim for relief must contain:

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000). **Accordingly, Plaintiff is ORDERED to file an amended complaint that satisfies the Federal Rule of Civil Procedure 8(a) and 9(b) within 14 days of the date of these findings.**

## IV. CONCLUSION

For the reasons discussed herein, it is recommended that Defendant's *Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, For More Definite Statement* (Doc. 5) be **GRANTED** if, within 14 days of this Recommendation, Plaintiff has not filed an amended complaint that meets the requirements of the Federal Rules of Civil Procedure.

**SIGNED** on June 1, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

(1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)    A demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).  In addition, when alleging fraud or mistake, Rule 9 of the Federal Rules of Civil Procured requires a plaintiff to state with particularity the circumstances constituting fraud or mistake.  FED. R. CIV. P. 9(b).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE