IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRELLIS M. DILLON-JOHNSON, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-1016-O-BK |
| § | |
| JUSTICE OF THE PEACE, PRECINCT § | |
| 1, PLACE 2, DALLAS COUNTY § | |
| Defendant. § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION**

On June 19, 2012, the Court dismissed Plaintiff's claims against Federal Home Loan Mortgage Association, also known as Fannie Mae. (Doc. 8). However, Plaintiff's claims against Justice of the Peace, Precinct 1, Place 2, Dallas County (Defendant) remain pending.

On August 16, 2012, because more than 120 days had elapsed since this suit was filed and Defendant had not yet been served, the undersigned ordered Plaintiff to effect service of process upon Defendant, and to file a properly-executed return of service with the Clerk of the Court no later than August 30, 2012. (Doc. 9). Plaintiff was also cautioned that failure to file a properly-executed return of service might result in this case being dismissed without further notice. *Id*.

To date, Plaintiff has not filed proof of service as ordered. Accordingly, it is recommended that Plaintiff's claims against Defendant Justice of the Peace, Precinct 1, Place 2, Dallas County be DISMISSED without prejudice and this case be closed. *See* FED. R. CIV. P.

41(b) (After giving notice, Court "must" dismiss an action without prejudice if the defendant is not served within 120 days after the complaint is filed).

SIGNED August 31, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE